ERROL L. COOK, Esq.
Cal. State Bar No. 209746
LAW OFFICES OF ERROL COOK
5757 W. Century Blvd., Suite 700
Los Angeles, CA 90045
Telephone: (562) 209-1114
Facsimile: (562) 684-4602
errolcooklaw@yahoo.com

Attorney for Defendant

DANIEL DE LA TORRE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CASE NO. CR 09-00041-DOC |
|---|---|---|
| Plaintiff, | ) | DEFENDANT'S SENTENCING MEMORANDUM |
| v. | ) | |
| DANIEL DE LA TORRE | ) | Date: November 16, 2009<br>Time: 1:30 p.m.<br>Place: Courtroom 9D<br>Judge: David O. Carter |

Defendant, Daniel De La Torre, by and through his attorney of record, Errol L. Cook, respectfully files his Sentencing Memorandum. This sentencing memorandum is based on the memorandum of

points and authorities included herewith, all files and records of this case and any oral argument that may be presented at the sentencing hearing.

Dated: October 30, 2009

                                            Respectfully Submitted,

*Errol Cook*
_____
ERROL L. COOK, ESQ
Attorney for Defendant
DANIEL DE LA TORRE

# MEMORANDUM OF POINTS AND AUTHORITIES
## I.
## INTRODUCTION

Daniel De La Torre pleaded guilty to the First Superseding Information that charged him in count one with violating 18 U.S.C. Sec. 2113(a), in counts two, three and four with violating 18 U.S.C. Sec. 2113(a),(d), and in count five with violating 18 U.S.C. Sec. 924(c)(1)(A)(i) and is now before the court for sentencing. Before the court arrives at its sentence, it should consider the circumstances in Mr. De La Torre's life that have placed him in should a regretful condition.

Mr. De La Torre is the youngest of five brothers and sisters was a stellar student in high school and with no criminal history prior to this incident. Upon learning that he was going to be the father of a baby girl, he left high school prior to graduation to obtain a job to better support his new family. Despite challenging financial circumstances he earned his GED and enrolled in school to pursue a career in industrial design. Mr. De La Torre also enlisted into the United State Army, but was medically discharged due to a severe back injury that occurred while on duty. He returned home to a home life that was nomadic at best. His mother and father and family moved from house to apartment almost monthly often on the fringes of being homeless. The economic downturn coupled with the fact that many of his family members had lengthy criminal records and could not obtain gainful employment to support the family, led Mr. De La Torre to make several bad decisions culminating in the instant case. He did not want his daughter nor his fiance' to live through the struggles that he and his family endured for so long. Unfortunately, he made a series of very poor decisions for which he is extremely remorseful.

It should be emphasized in mitigation that this is aberrant behavior as evidenced by Mr. De La Torre's lack of criminal history, his military background, strong family ties, college attendance, employment history has no criminal record and is extremely remorseful for his actions. He understands that the mistake he made will cause him to be out of his daughter's life for a significant period of time and that, despite being imprisoned, his true punishment will come from not being able to father his daughter while incarcerated. Additionally, he knows that he will not be able to provide for his family, his fiancé nor his daughter while incarcerated.

He accepts full responsibility for his action and respectfully stands before the court for sentencing.

/////
////
///

## II.
## APPROPRIATE SENTENCE

The suitable sentencing guideline calculation based on the current state of the law is basically correct as stated in the November 16, 2009 Pre-sentence Investigation Report authored by U.S. Probation Officer Rosa Linda Bradford.

Base Offense Level :              29

Criminal History Category:        I

Mandatory Consecutive 60 Month Sentence Pursuant to Count 5

(Acceptance of Responsibility)    : -2

4

Total Offense Level: 27

## III.
## THE COURT SHALL IMPOSE A SENTENCE ON DANIEL DE LA TORRE SUFFICIENT BUT NOT GREATER THAN NECESSARY

The basic mandate and overriding principle of §3553 (a) requires a court to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in §3553 (2). (18 U.S.C. §3553) In its consideration of the need for the sentence to exact retribution, afford deterrence, protect the public and provide rehabilitation, the court should take into account the factors set forth in the introduction above.

Daniel De La Torre needs rehabilitation. Although a reasonable amount of punishment in the form of incarceration is warranted to comply with three of the purposes of sentencing under the guidelines, rehabilitation is paramount in Mr. De La Torre's case. Daniel's family will furnish to the court at sentencing numerous letters which will demonstrate how the current offenses are completely out of Mr. De La Torre's character.

///

## V.
## THE COURT MAY DEPART DOWNWARD FORM THE APLICABLE GUIDELINE RANGE IF THE COURT FINDS THE EXISTENCE OF MITIGATING CIRCUMSTANCES

Daniel De La Torre has never served a day in jail, neither in an adult facility nor in a juvenile detention center prior to being arrested for this incident. The fact that he has already spent a substantial amount of time in custody operates to militate against a sentence at the high end of the applicable sentencing range under the guidelines. The court may consider this as a ground for a downward departure. This combined with the factors discussed in the introduction and the attached letters give the court the basis to consider a downward departure in Daniel

## VI.

## CONCLUSION

In light of the foregoing, Mr. De La Torre asserts that a sentence at the lower end of the applicable sentencing range as recommended by probation is appropriate and sufficient, but not greater than necessary to fulfill the purposes of the United States Sentencing Guidelines.

Dated: October 30, 2009

Respectfully Submitted,

*Errol Cook*
_____
ERROL COOK, ESQ.
Attorney for Defendant
DANIEL DE LA TORRE

1
2
3
4
5
6
7
8
9
10
11
12
13
14 ..                                                                                                            .
15
16
17
18
19
20
21
22
23
24
25
26
27

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

8