GEORGE S. CARDONA
Acting United States Attorney
ROBB C. ADKINS
Assistant United States Attorney
Chief, Santa Ana Office
MIEKE I. BIESHEUVEL (Cal. Bar No. 228828)
Assistant United States Attorney
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3539
    Facsimile: (714) 338-3708
    Email: mieke.biesheuvel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA CR 09-41-DOC |
| Plaintiff, | GOVERNMENT'S POSITION WITH RESPECT TO SENTENCING FACTORS |
| v. | Sentencing: November 16, 2009 |
| DANIEL JAMES DELATORRE, | Time: 1:30 p.m. |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorney Mieke I. Biesheuvel, hereby files its sentencing position regarding defendant Daniel James Delatorre ("defendant"). The government's position regarding sentencing is based upon the attached memorandum of points and authorities, the files and records in this case, the United States Probation Office's Presentence Report, and any other evidence or argument that the Court may wish to consider at the time of sentencing.

The government reserves the right to file a response to any sentencing position filed or submitted by defendant and to file any supplemental sentencing position(s) that may be necessary.

Dated: November 2, 2009          Respectfully submitted,

                                 GEORGE S. CARDONA
                                 Acting United States Attorney

                                 ROBB C. ADKINS
                                 Assistant United States Attorney
                                 Chief, Santa Ana Office


                                  /s/
                                 MIEKE I. BIESHEUVEL
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

On August 24, 2009, defendant pled guilty to counts one through five of a five-count indictment charging defendant with a violation of Title 18, United States Code, Section 2113(a) (bank robbery), three violations of Title 18, United States Code, Sections 2113(a) and (d) (armed bank robbery), and one violation of Title 18, United States Code, Section 924(c)(1)(A)(i) (using and carrying firearm during crime of violence). (United States Probation Office Presentence Report ("PSR") ¶¶ 1-9). Because in his plea agreement defendant agreed to plead guilty to a first superseding information containing the same five counts as the original indictment, on October 5, 2009, defendant withdrew his guilty plea to counts one through five of the original indictment and entered guilty pleas to counts one through five of the first superseding information. (PSR ¶ 4).

Defendant's convictions result from his robbery of approximately $133,402 from four banks and his using and carrying a firearm in relation to one of the robberies. (PSR ¶ 9). Specifically, on July 3, 2008, defendant stole approximately $5,902 from a Washington Mutual Bank branch in Garden Grove. (PSR ¶ 5). On August 14, 2008, defendant, possessing a gun, stole approximately $30,000 from a Washington Mutual Bank branch in Santa Ana. (PSR ¶ 6). On October 10, 2008, defendant, possessing a gun, stole approximately $60,000 from a Washington Mutual Bank branch in Buena Park. (PSR ¶ 7). And, on January 30, 2009, defendant, using and carrying a firearm in connection

3

with the robbery, stole approximately $37,500 from a Washington Mutual Bank branch in Orange. (PSR ¶ 8-9).

## II.
## **THE PRESENCE REPORT**

The PSR was disclosed on October 9, 2009. (PSR p. 1). It calculates the total offense level as follows:

**COUNT ONE**
| | | | |
|---|---|---|---|
| Base Offense Level | : | 20 | [U.S.S.G. § 2B3.1(a)] |
| Property of Financial Institution | : | +2 | [U.S.S.G. § 2B3.1(b)(1)] |
| Total | : | **22** | |

**COUNT TWO**
| | | | |
|---|---|---|---|
| Base Offense Level | : | 20 | [U.S.S.G. § 2B3.1(a)] |
| Property of Financial Institution | : | +2 | [U.S.S.G. § 2B3.1(b)(1)] |
| Brandishing Firearm | : | +5 | [U.S.S.G. § 2B3.1(b)(2)] |
| Loss > $10,000 | : | +1 | [U.S.S.G. § 2B3.1(b)(7)] |
| Total | : | **28** | |

**COUNT THREE**
| | | | |
|---|---|---|---|
| Base Offense Level | : | 20 | [U.S.S.G. § 2B3.1(a)] |
| Property of Financial Institution | : | +2 | [U.S.S.G. § 2B3.1(b)(1)] |
| Brandishing Firearm | : | +5 | [U.S.S.G. § 2B3.1(b)(2)] |
| Loss > $50,000 | : | +2 | [U.S.S.G. § 2B3.1(b)(7)] |
| Total | : | **29** | |

**COUNT FOUR**
| | | | |
|---|---|---|---|
| Base Offense Level | : | 20 | [U.S.S.G. § 2B3.1(a)] |

|   |   |   |   |
|---|---|---|---|
| Property of Financial Institution | : | +2 | [U.S.S.G. § 2B3.1(b)(1)] |
| Loss > $10,000 | : | +1 | [U.S.S.G. § 2B3.1(b)(7)] |
| Total | : | **23** | |

**COUNT FIVE**

Mandatory consecutive sentence of five years.

**ADJUSTMENTS**

|   |   |   |   |
|---|---|---|---|
| Count One | : | +1/2 | [U.S.S.G. § 3D1.1, 3D1.4] |
| Count Two | : | +1 | [U.S.S.G. § 3D1.1, 3D1.4] |
| Count Three | : | +1 | [U.S.S.G. § 3D1.1, 3D1.4] |
| Count Four | : | +1/2 | [U.S.S.G. § 3D1.1, 3D1.4] |
| Total Additional Units (and Increase in Offense Level) | : | **+3** | [U.S.S.G. § 3D1.1, 3D1.4] |
| **ADJUSTED OFFENSE LEVEL** | : | 32 | |
| **ACCEPTANCE OF RESPONSIBILITY** | : | -3 | |
| ***TOTAL OFFENSE LEVEL*** | : | ***29*** | |

(PSR ¶¶ 28-62). The PSR also calculates a criminal history category of I based on zero criminal history points. (PSR ¶¶ 66-67). Based on a total offense level of 29, a mandatory consecutive five-year sentence on count five, and a criminal history category of I, the PSR determines the sentencing Guideline range to be 87 to 108 months imprisonment, plus an additional five years imprisonment to run consecutive on count five, three to five years of supervised release, and a fine between $15,000 and $150,000 (PSR ¶¶ 104-115).

The government does not object to the facts set forth in the

PSR, does not contest the accuracy of the USPO's Sentencing Guidelines calculations, and does not dispute the accuracy of the USPO's interpretations of the Guidelines.

The PSR recommends a below-guideline sentence of 96 months followed by a term of supervised release of five years, restitution in the amount of $133,402, and a special assessment of $500, among other conditions. (USPO Letter, p. 1, 5-6).

### III.

### **THE GOVERNMENT'S RECOMMENDATION**

The government disagrees with the recommendation made by Probation and recommends a low-end sentence of 147 months imprisonment, followed by a term of supervised release of three years, restitution in the amount of $133,402, and a special assessment of $100. The government recommends that the fine in this case be waived.

**A.  Nature and Circumstances of the Offense**

With respect to the factors set forth in Section 3553(a), the government submits that the nature and circumstances of defendant's offenses are particularly serious. While defendant has accepted responsibility for his conduct by pleading guilty early in this case, defendant nonetheless robbed not one, but at least four banks over the course of seven months. In three of four of the robberies, defendant possessed a firearm during the robbery, and, in every robbery, defendant threatened bank employees with harm and, in three cases, death. Had defendant not been arrested on or about January 30, 3009, the day of the fourth robbery, there is no indication that he would have stopped committing robberies or would have felt any remorse for his

conduct. The repetitive nature of defendant's conduct and his apparent disregard for the safety and well-being of the victims of his crimes are aggravating facts.

**B.   History and Characteristics of the Defendant**

Probation notes defendant's lack of criminal history and youth as reasons for a below-guideline sentence. While the government agrees with probation that defendant's status as a first-time offender is positive, it is a factor that already has been taken into account by the determination that he falls in the lowest category possible for criminal history, category I. Accordingly, because his lack of criminal history is already taken into account, the government believes that a further reduction to defendant's sentence is inappropriate. Likewise, a defendant's age "is not ordinarily relevant in determining whether a departure is warranted." U.S.S.G. § 5H1.1. Therefore, the government does not believe a downward departure is warranted on these bases.

**C.   Additional 3553(a) Factors**

In addition to taking into account the serious nature of defendant's offenses and his history and circumstances, the government believes that its recommended low-end sentence also would serve to promote respect for the law, and provide just punishment for defendant's criminal conduct by including restrictions on his liberty for an appropriate period of time, namely, 147 months followed by three years supervised release. The recommended sentence also would serve to protect the public from further crimes committed by defendant and would deter him from future criminal conduct. Finally, the recommended sentence

would provide restitution to the victim of the offense.

## III.

## **CONCLUSION**

The government recommends the sentence set forth above and submits that it is warranted by the Section 3553(a) factors in this case.

Dated: November 2, 2009          Respectfully submitted,

                                        THOMAS P. O'BRIEN
                                        United States Attorney

                                        ROBB C. ADKINS
                                        Assistant United States Attorney
                                        Chief, Santa Ana Office

                                         /s/
                                        MIEKE I. BIESHEUVEL
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        United States of America